IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, 378 N. Main Avenue Tucson, AZ 85701, <br><br>  Plaintiff, <br><br> vs. <br><br> OFFICE OF MANAGEMENT AND BUDGET, 725 17th Street, NW Washington, DC 20503, <br><br>  Defendant. | Civil Action No. 25-2198 <br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF <br><br> Freedom of Information Act, 5 U.S.C. § 552 |

**INTRODUCTION**

1. On April 18, 2025, Plaintiff Center for Biological Diversity ("Center") submitted a request for records to the Office of Information and Regulatory Affairs ("OIRA") within the Office of Management and Budget ("OMB") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. The Center requested records sufficient to show the regulations that federal agencies or agency heads have sent to OIRA and/or OMB, as required by Executive Order ("EO") 14219, 90 Fed. Reg. 10583 (Feb. 19, 2025).

3. EO 14219 purports to implement the Trump Administration's "deregulatory initiative" by directing federal agencies to stop enforcing or rescind regulations that are allegedly inconsistent with law or Administration policy. Section 2(a) of EO 14219 requires agency heads to identify regulations that are inconsistent with law or Administration policy and Section 2(c) requires that agency heads send lists of these regulations to the OIRA Administrator within OMB by April 20, 2025.

4. Despite the Center's specific and narrow request, OMB has failed to conduct an

1

adequate search or provide any responsive records to the Center in accordance with FOIA, has failed to issue a determination in response to the Center's request, which FOIA requires within 20 business days of receipt of a request, 5 U.S.C. § 552(a)(6)(A)(i), and has failed to promptly disclose responsive records. The deadline to produce a determination fell on May 16, 2025.

5. The Center seeks declaratory relief establishing that OMB has violated FOIA and injunctive relief ordering OMB to make an immediate determination on the Center's FOIA request, conduct an adequate search for records, and provide the Center with all responsive records without further delay.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

7. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. Declaratory relief is appropriate under 28 U.S.C. § 2201.

9. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

## PARTIES

10. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with headquarters in Tucson, Arizona, and offices and staff throughout the United States. The Center works through science, law, and policy to maintain and increase protections for air and water; plants, animals, and their native habitats; a livable climate; public lands; and healthy communities in the United States and abroad. The Center has more than 93,000 active members throughout the United States and abroad.

11. The Center is the requester of the information and records at issue. The Center is harmed by OMB's failure to disclose the requested information and records responsive to the Center's FOIA request. These violations of law prevent the Center from understanding important

information about federal agencies' plans for repealing or modifying regulations that currently protect air and water, wildlife and nature, public lands, the climate, and vulnerable communities. OMB's failure to comply with FOIA harms the Center's ability to provide full, accurate, and current information to the public on a matter of public interest.

12. This information and the Center's analysis of it is crucial to inform and prioritize the Center's organizational mission, including determining where to direct resources and develop alternate strategies. The Center will also share the requested information with its members and the public in general to keep them informed about mounting threats to clean air and water, wildlife and nature protections, public lands, climate, and vulnerable communities and potential avenues for response. The requested records and information will also be used to inform Congressional representatives and their staffs about threats to the environment.

13. Therefore, the Center's interests and activities are adversely affected by OMB's failure to disclose the requested records. This injury will be redressed if the Court orders OMB to comply with FOIA by immediately making a determination, conducting an adequate search, and disclosing the requested records.

14. Defendant OFFICE OF MANAGEMENT AND BUDGET is a United States federal agency within the Executive Office of the President. Among its many duties, OMB plays a central role in the Executive Branch's regulatory oversight and houses OIRA. OMB possesses and controls the records the Center seeks and is subject to FOIA. *See* 5 U.S.C. § 552(f) (defining "agency" to include "any executive department … or other establishment in the executive branch of the Government (including the Executive Office of the President)").

15. A subcomponent of OMB, OIRA is the United States Government's central authority for reviewing Executive Branch regulations. OIRA is led by the OIRA Administrator. EO 14219 identifies the OIRA Administrator as the recipient of lists of regulations that agency heads have identified as inconsistent with law or Administration policy under Section 2(a) of the EO. As part of OMB, OIRA possesses and controls the records the Center seeks and is subject to FOIA. *See id.*

## STATUTORY BACKGROUND

16. FOIA's primary purpose is to improve government transparency and accountability by requiring the disclosure of agency records and information. It establishes the public's right to access all federal agency records, *id.* § 552(a), unless one or more narrow statutory exemptions apply, *id.* § 552(b).

17. Recognizing that the timely disclosure of requested records is essential to fulfilling its purpose, FOIA imposes strict deadlines for agencies to respond to FOIA requests.

18. Within 20 working days of receiving a request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefore, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id.* § 552(a)(6)(A)(i).

19. In order to make the statutorily required "determination," the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse.

20. In "unusual circumstances," an agency may extend the time to make a determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i).

21. If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

22. FOIA requires each agency to make reasonable efforts to search for records in a

manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)–(D).

23. FOIA requires federal agencies to promptly disclose the requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

24. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id.* § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy, and FOIA places the burden on the agency to show that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B). Even where records may be exempt from disclosure, FOIA requires agencies to disclose reasonably segregable portions of those records. *Id.* § 552(b).

25. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

## STATEMENT OF FACTS

26. On February 19, 2025, President Trump issued EO 14219, "Ensuring Lawful Governance and Implementing the President's 'Department of Government Efficiency' Deregulatory Initiative," which directs agency heads to review all regulations subject to their sole or joint jurisdiction for consistency with law and Administration policy. EO 14219 § 2(a).

27. EO 14219 further directs agency heads to provide the OIRA Administrator within OMB with a list of all such regulations that are allegedly inconsistent with law or Administration policy within 60 days of the date of the order. *Id.* § 2(c). This deadline fell on April 20, 2025.

28. On April 18, 2025, the Center requested that OMB provide from February 20, 2025, to the date OMB conducts this search: the records, excluding emails, sufficient to show the regulations that federal agencies or agency heads have sent to OIRA and/or OMB, as required by EO 14219.

29. On April 21, 2025, OMB's FOIA Office acknowledged receiving this request on April 18, 2025, stated that "it is being processed," and assigned it OMB FOIA number

5

2025-1313.

30. As of the filing of this Complaint, OMB has made no further communications with the Center and has not provided any responsive records.

31. OMB has not provided a determination to the Center describing the scope of the records it intends to produce or withhold, explained the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or § 552(a)(6)(B).

32. OMB was required to make such a determination by May 16, 2025, within 20 business days of the April 18, 2025, request. *Id.* § 552(a)(6)(A)(ii)

33. OMB has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold the records the Center requested.

34. OMB's failure to make a timely determination, conduct an adequate search, and promptly provide all responsive records to the Center undermines FOIA's primary purpose of transparency and openness in government.

35. The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

36. The Center has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:

### Violation of the Freedom of Information Act

### Failure to Comply with FOIA's Mandatory Determination Deadline

37. The Center realleges and incorporates by reference all preceding paragraphs.

38. The Center properly requested records within OMB's control through the Center's April 18, 2025, request.

39. The Center has a statutory right to a lawful final determination from OMB in a manner that complies with FOIA. *Id.* § 552(a)(6)(A)(i).

40. OMB has violated the Center's rights in this regard by failing to provide the

Center with a determination within the statutorily allotted time period, which ended on May 16, 2025.

41. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to OMB in the foreseeable future.

42. The Center's organizational activities will be adversely affected if OMB continues to violate FOIA's disclosure provisions as they have in this case.

43. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, OMB will continue to violate the Center's right to a timely determination under FOIA.

## SECOND CLAIM FOR RELIEF:

## Violation of the Freedom of Information Act

## Failure to Conduct an Adequate Search for Responsive Records

44. The Center realleges and incorporates by reference all preceding paragraphs.

45. The Center has a statutory right to have OMB process the Center's FOIA request in a manner that complies with FOIA. *Id.* § 552(a)(3).

46. OMB violated the Center's rights in this regard by unlawfully failing to conduct an adequate search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request. *Id.*

47. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to OMB in the foreseeable future.

48. The Center's organizational activities will be adversely affected if OMB continues to violate FOIA's disclosure provisions as they have in this case.

49. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, OMB will continue to violate the Center's rights to receive public records under FOIA.

## THIRD CLAIM FOR RELIEF:

## Violation of the Freedom of Information Act

## <u>Failure to Promptly Disclose All Responsive Records</u>

50. The Center realleges and incorporates by reference all preceding paragraphs.

51. OMB is required to promptly disclose documents, *id.* § 552(a)(3)(A), unless they fall within one of nine narrowly defined statutory exemptions, *id.* § 552(b)(1)–(9). OMB must disclose any reasonably segregable portion of a record for which it claims an exemption. *Id.* § 552(b).

52. OMB has not produced any records in response to the Center's FOIA request.

53. The Center has a statutory right to the records it seeks and OMB has provided no lawful basis to withhold the records pursuant to one of FOIA's nine exemptions or to withhold any segregable, exempt portion of the records.

54. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to OMB in the foreseeable future.

55. The Center's organizational activities will be adversely affected if OMB continues to violate FOIA's disclosure provisions as they have in this case.

56. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, OMB will continue to violate the Center's rights to promptly receive public records under FOIA.

## REQUEST FOR RELIEF

The Center respectfully requests this Court to grant the following relief:

(A) Declare that OMB violated FOIA by failing to provide a lawful determination within 20 working days on the Center's April 18, 2025, FOIA request, failing to conduct an adequate search for records responsive to the request, and failing to promptly disclose all records responsive to the request;

(B) Order OMB to immediately make a determination on the Center's April 18, 2025, FOIA request;

(C)	Order OMB to search for any and all responsive records to the Center's April 18, 2025, FOIA request, using search methods reasonably likely to lead to discovery of all responsive records with the cut-off date for such search being the date the search is conducted;

(D)	Order OMB to promptly produce, by a date certain, all nonexempt responsive records or segregable portions of the records and a Vaughn index of any responsive records or portions of responsive records withheld under a claim of exemption, at no cost to the Center;

(E)	Retain jurisdiction of this action to ensure the processing of the Center's FOIA request and that no agency records or portions of the records are improperly withheld;

(F)	Award the Center its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

(G)	Grant such other and further relief as the Court may deem just and proper.

DATED:	July 10, 2025

Respectfully submitted,

*/s/ Ryan Shannon*

Ryan Shannon (D.D.C. Bar. No. OR0007)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6407
rshannon@biologicaldiversity.org

Andrew Baloga (*pro hac vice application pending*)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6402
dbaloga@biologicaldiversity.org

*Attorneys for Plaintiff*